[Cite as *In re K.C.*, 2012-Ohio-4.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| IN THE MATTER OF: | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| K.C. | Hon. Sheila G. Farmer, J.<br>Hon. Julie A. Edwards, J. |
| | Case No. 11CA000021 |
| | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Guernsey County Court of Common Pleas, Juvenile Division, Case No. 11JC00225

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      January 3, 2012

APPEARANCES:

| For Appellant | For Appellee |
|---|---|
| CHARLES E. MCKNIGHT<br>121 West Eight St.<br>Cambridge, Ohio 43725 | AMBER D. WOOTTON<br>Assistant Prosecuting Attorney<br>139 W. 8th St.<br>Cambridge, Ohio 43725 |

*Hoffman, P.J.*

**(¶1)**   Appellant James Cummings ("Father") appeals the June 21, 2011 Journal Entry entered by the Guernsey County Court of Common Pleas, Juvenile Division, which adjudicated his minor daughter to be a dependent child and granted temporary custody of the child to Appellee Guernsey County Children Services Board ("GCCSB").

STATEMENT OF THE FACTS AND CASE

**(¶2)**   K.C. (d.o.b. 6/6/97) is the biological daughter of Father and Heather Dawn McMillan ("Mother").[1]   The trial court issued an ex-parte order placing K.C. in the temporary custody of GCCSB on April 11, 2011. On the same day, GCCSB filed a Complaint, alleging K.C. was a neglected/dependent child.

**(¶3)**   The trial court conducted an adjudicatory hearing on June 13, 2011. Roy Higgins, an intake caseworker with GCCSB, testified as to the Agency's involvement with the family.

**(¶4)**   In November, 2010, GCCSB received a report Father and K.C. had had a physical altercation.   K.C. did not have any visible injuries, but her story raised significant concerns regarding the home.   Father denied K.C.'s allegations, but verbally agreed to let the child stay with Nancy Wells, a longtime family friend and approved foster parent, on a safety plan.   Father would not sign the safety plan.   Father refused all services and the case was subsequently closed. K.C. returned to Father's home sometime around Christmas, 2010.

**(¶5)**   In March, 2011, GCCSB received a report regarding a physical altercation between Father and K.C.   K.C. alleged numerous drug addicts/dealers were coming

---

[1] Mother is not a party to this Appeal.

and going from the home on a regular basis.  Father agreed to a safety plan allowing K.C. to stay with Nancy Wells.  Father met with GCCSB workers on two occasions to discuss available services.  Father was not willing to work with GCCSB for voluntary ongoing services.  Father denied using drugs, but refused to submit to a drug screen. Father was advised a refusal to a drug screen was considered a positive test result.

**(¶6)**    GCCSB received information an individual by the name of Paul Hackman was living in Father's home, and Father was using and selling drugs.

**(¶7)**    Father did not present any witnesses on his behalf.  The trial court found GCCSB presented clear and convincing evidence to establish K.C. was a dependent child.  The trial court scheduled the matter for dispositional hearing on July 6, 2011.

**(¶8)**    Via Journal Entry filed June 21, 2011, the trial court memorialized its finding.  The trial court ordered K.C. remain in the temporary emergency custody of GCCSB.

**(¶9)**    It is from this journal entry Father appeals, raising as error:

**(¶10)**  "I. THE TRIAL COURT ABUSED ITS DISCRETION IN MAKING THE FOLLOWING FINDING OF FACTS, AND THE FINDINGS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE:

**(¶11)**   "II. THE TRIAL COURT'S DECISION ADJUDICATING THE CHILD TO BE DEPENDENT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND AN ABUSE OF DISCRETION."

I

(¶12)  In his first assignment of error, Father maintains the trial court abused its discretion in making certain findings of fact as such were against the manifest weight of the evidence.

(¶13)  Specifically, Father submits the trial court received "virtually no evidence to support" the following findings of fact: Paragraph 1: All information pertaining to a prior case allegedly involving the family;   Paragraph 2: The finding GCCSB was involved in this case since November, 2010; Paragraph 2: The finding K.C. was "safety planned with Nancy Wells [since November of 2010] and the child was refusing to go home"; Paragraph 3: The finding K.C. "stayed with Nancy Wells until Christmas time of 2010 when the father demanded that the child return home and she did"; Paragraph 4 and footnote 1:The finding Paul Hackman, a family friend, was living in Father's house and was involved in an unrelated case which resulted in Hackman's children being permanently removed from his home and specifying the reason for the removal; Paragraph 5: The finding K.C. was unwilling to return to Father's home at the conclusion of the thirty day period of the safety plan; and Paragraph 5: The finding Nancy Wells was unwilling to provide a long term placement for K.C.

(¶14)  Father contends the trial court made certain findings, such as the case number of the prior case and the disposition of that matter (six months of protective supervision), despite the fact GCCSB did not present evidence at the adjudicatory hearing in the instant action to support such findings.  Father adds GCCSB did not offer into evidence a copy of any entry from the prior case, and GCCSB's only witness, Roy

Higgins, testified he was not involved in the prior matter. Father concludes there was no competent, credible evidence to substantiate the trial court's findings.

(¶15) Based upon the facts noted supra and upon review of the entire record in this matter, including the transcript of the adjudicatory hearing, we find any error in the findings of fact challenged by Appellant to be harmless. Read as a whole and in light of all the testimony, we find there are sufficient supported findings to conclude the trial court's decision is not against the manifest weight of the evidence. (See our discussion of Appellant's Assignment of Error II, infra.)

(¶16) Father's first assignment of error is overruled.

II

(¶17) In his second assignment of error, Father challenges the trial court's adjudication of K.C. as a dependent child was an abuse of discretion and against the manifest weight of the evidence. Father acknowledges although it was proper for the trial court to consider his alleged drug use, Father submits his conduct was relevant "solely insofar as that parent's conduct forms a part of the environment of the child" and GCCSB presented no evidence such had a detrimental impact on K.C. We disagree.

(¶18) R.C. 2151.04(C) provides:

(¶19) "As used in this chapter, "dependent child" means any child:

(¶20) " * * *

(¶21) "(C) Whose condition or environment is such as to warrant the state, in the interests of the child, in assuming the child's guardianship."

(¶22) Roy Higgins, the intake caseworker, testified at the time GCCSB requested emergency custody of K.C., Father had refused services and was not willing

to work on a voluntary case plan to resolve the issues in the home; K.C. was not willing to return to Father's home; and Nancy Wells could not provide a long-term placement for K.C. Further, Father admitted to intense verbal as well as physical altercations with K.C.  GCCSB received numerous reports regarding Father's drug use. Father refused to submit to multiple drug screens even after he was advised his refusal would be considered a positive result.

**(¶23)** Based upon the foregoing and the entire record in this matter, we find the trial court did not abuse its discretion in adjudicating K.C. to be a dependent child as such determination was not against the manifest weight of the evidence.

**(¶24)** Father's second assignment of error is overruled.

**(¶25)** The judgment of the Guernsey County Court of Common Pleas, Juvenile Court Division, is affirmed.

By: Hoffman, P.J.

Farmer, J.  and

Edwards, J. concur

s/ William B. Hoffman _____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS

IN THE COURT OF APPEALS FOR GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

IN THE MATTER OF:

K.C.

:
:
:
:
:          JUDGMENT ENTRY
:
:
:          Case No. 11CA000021

For the reasons stated in our accompanying Opinion, the judgment of the Guernsey County Court of Common Pleas, Juvenile Court Division, is affirmed. Costs to Appellant.


s/ William B. Hoffman _____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer _____
HON. SHEILA G. FARMER


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS